## Tonw of Lincoln *v.* Town of Warren.

In order to have gained a legal settlement in a town under that clause of the statute of 1817, which provided that a person should have a settlement, who should hold in the town, for two years, any one of several specified offices, it was not necessary, that the office should have been held for two years *in succession.*

But it was essential to the acquiring a settlement under that provision, that the person should have a *continuous* residence in the town from the time he held the first office until the settlement was acquired. If he held the office the two years, but with an interval between, and during that interval resided out of the town for any period, the settlement would not have been acquired.

APPEAL from an order, made by two justices of the peace, that John Butterfield, his wife and child, remove, as paupers, from Lincoln to Warren. Plea, that the paupers had not a legal settlement in Warren, and trial by jury, June Term, 1846,—BENNETT, J., presiding.

On trial it appeared, that John Butterfield with his wife and a son came to reside in Warren in 1820, and resided there until April, 1826, when he removed, with his family, to Waitsfield, and resided there until February, 1827, and then removed back to Warren and resided there until 1829; that in 1823 and 1827 he was elected to the office of lister in Warren for the years ensuing next after his election; and the plaintiffs offered parol evidence tending to prove, that he officiated as lister during these years,—it not appearing from the records of the town that he had ever been sworn;—to the evidence so offered the defendants objected, but it was admitted by the court, as tending to prove that he had been duly sworn.

Upon these facts the court directed the jury to return a verdict for the defendants. Exceptions by plaintiffs.

*Linsley* and *Beckwith,* for plaintiffs, insisted, that it was not essential to the acquiring a settlement in a town by holding office two years, that the office should be held for two years in succession, and that there is nothing in the statute to warrant a construction requiring that the person holding the office should be a resident of the town during all the time between the two years.

*Asahel Peck*, for defendants, contended,—1, That the very words "for two years" import an entire period of time, and cited to this point, *Inh. of Southborough* v. *Inh. of Marlboro'*, 24 Pick. 166; *Paris* v. *Hiram*, 12 Mass. 268;—and 2, That the pauper's removal from town during the intermediate period rendered his holding the office the first year nugatory and inoperative to gain a settlement, and that, on his return to Warren, he commenced *de novo*, under the statute, to gain a settlement.

The opinion of the court was delivered by

BENNETT, J.   It is to be taken that the pauper was appointed to and did discharge the duties of lister, in Warren, for the years 1823 and 1827, having been duly sworn to the faithful discharge of the duties of such office.   It appears, however, that, between those years, he, together with his family, removed out of that town and continued to reside in a neighbouring town for the space of about ten months.

It is claimed in argument, that the pauper, to have gained a settlement under the statute of 1817, must have been a lister of the town in two *consecutive* years;—but we think not.   The statute enacts, "That any person, who shall, in any town in this state, be for two years appointed to and sworn to the faithful discharge of the office of town clerk, or lister, &c., or shall be appointed to and sworn to the faithful discharge of one of said offices one year, and another of said offices in *another year*, shall be adjudged to have his settlement in such town."   There are no words in the statute, which necessarily import, that the two years must be in succession.   The statute uses the expression "for two years," and not for the *term* of two years ; and when it speaks of the person's holding one of the offices in one year, it uses the expression, "and another in *another* year."

If it had been intended, that the two years should have been in *succession*, the phraseology would probably have been, "and another the *next* year."   The fourth section of the statute, which provides for gaining a settlement by reason of the person's having a list of a given amount for five years, requires, in express terms, that it should be five years *in succession*.   So the eighth section requires a residence for the *term* of seven years.   The word *term*, *ex vi termini*, imports a *succession* of years,

The more important question relates to the effect, which shall be given to the paupers removal from Warren between the two years, for which he was lister. We think a person's right to gain a settlement by his holding any of the offices specified in the statute is a qualified right, and that a residence in the town is a necessary ingredient to the gaining of a settlement, and that it must be *continuous*, until the settlement is complete. If the pauper removes from the town, while his right of settlement is *inchoate*, it must be an abandonment of what had been done towards gaining a settlement. A person cannot have two, or more, *inchoate* settlements at one and the same time, either of which, at his option, may be ripened into a perfect settlement.

The result is, the judgment of the county court is affirmed.