# GRAFTON,

## JANUARY TERM, A. D. 1857.

## JOHNSON *v.* THE TOWN OF HAVERHILL.

In an action against a town for an injury resulting from an alleged defect in a highway, the question whether the highway was obstructed, insufficient, or out of repair, within the meaning of those terms as used in the statute giving to the traveller a remedy against the town, is for the jury, under proper instructions from the court, as to the meaning of the terms.

The question is to be determined by the jury upon a view of all the circumstances of the case, in reference to the nature and extent of the defect, the character of the ground, the amount and kind of travel, the ability and means of the town, and other like circumstances, tending to show whether the highway was or not reasonably safe and convenient for the customary travel, and whether or not it ought to have been repaired before the accident.

The question of negligence on the part of the town does not arise in such case except incidentally, as it is involved in the question whether the obstruction, insufficiency, or want of repair exists ; and this latter question may depend upon the manner in which the defect originated, and the circumstances of its continuance. In such case the question of negligence is a material enquiry.

If an obstruction exists by reason of inevitable accident, without fault or neglect on the part of any person, it is not an obstruction within the meaning of the statute, unless the town had notice of it, express or implied, and reasonable opportunity, by the exercise of proper care and vigilance, to have removed it before the accident occurred.

It cannot be determined by the court, as matter of law, that a stick of wood, of given dimensions, and which had been lying upon the highway for a specified time, was or was not such obstruction.

A stick of wood accidentally fell from a load which was passing upon the highway, without the fault or neglect of the person having charge of the load. The plaintiff shortly afterwards passed upon the highway in his wagon, one wheel of which ran upon one end of the stick in such manner as to throw up

Johnson *v.* Haverhill.

the other end against the wagon, by means of which the plaintiff was thrown out and injured. The jury were instructed, in substance, that if the stick, considering its character and dimensions, should be found by them to be such an obstacle to the customary travel, as that the highway, with that upon it, was not reasonably safe, yet if it came upon the highway by inevitable accident, without the fault or neglect of any person, and the town or its authorities could have had no notice of it, nor any opportunity to have known of it by reasonable care and diligence on their part, before the accident, the town were not liable.— *Held*, that the instructions upon this point were sufficiently favorable to the plaintiff.

The judge who tried the cause having given proper instructions to the jury upon the several points involved in the case, submitted to them specific questions relative to those various points, and directed them to return a general verdict, and with it answers to the questions thus submitted. Such answers were returned, with a general verdict for the defendant, the verdict being in accordance with the answers.— *Held*, that the direction of the judge to the jury, to return the answers, although objected to by the plaintiff, was no cause for setting aside the verdict.

THIS action is case, for an injury received by the plaintiff, by reason, as he alleges, of an obstruction in a highway.

The declaration alleges that on the 24th of October, 1854, said highway was obstructed by a stick of wood, about four feet in length and about two inches in diameter, lying in the travelled part of the road; and that the plaintiff was passing in his wagon, using proper care; and that one wheel of his wagon run upon the end of said stick in such a manner as to throw up the other end against the bottom of said wagon, and throw the plaintiff out, whereby his shoulder bone was broken and his wagon injured. The evidence tended to show that the plaintiff received the injury complained of in the manner alleged, and that the stick had been accidentally dropped from his load of wood by a teamster, who on the same day had, in the pursuit of his ordinary business, hauled a load over the road in question. It was not contended that the road was obstructed, otherwise than by said stick of wood; and the plaintiff's counsel admitted that it was a broad, smooth, ample road, in other respects. The defendant contended that this could not be such an obstruction as the statute contemplates.

The plaintiff, in writing, requested the court to instruct the jury as follows:

That if there was, in the ordinarily travelled part of the highway, a stick of wood about four feet in length and two inches or thereabouts in diameter, which had laid there an hour or more, by running on to which stick with the plaintiff's wagon the accident was caused, in the exercise of due care and without fault on his part, said stick was such an obstruction as is contemplated by the statute, though the highway was good and sufficient in other respects; that in determining whether the stick was an obstruction, or whether the town is liable, it is immaterial how long it had been in the road, the plaintiff claiming nothing as exemplary damages; that if there was an obstruction in the road, which caused the accident without the plaintiff's fault, the town is liable.

The court declined to charge in those terms, but charged as follows:

That whether the stick of wood was or was not an obstruction within the intent of the statute, depended upon facts and circumstances to be considered by the jury; such as the character and amount of travel upon the highway in question; and that the proper test by which to determine the question is, the enquiry whether or not the highway, with this obstacle in it, was reasonably safe for the kind and amount of travel. If it was, then there was no obstruction; if it was not, then the stick was an obstruction.

The court further charged, that towns are not bound to insure the safety of travellers; that their liability results from their neglect to do what they ought to do, or from doing something which they ought not to do, or from the default or neglect of some other person; that if the obstruction was there through no neglect or default of the person by whose means it came there, then the town was not liable, unless for neglect of proper and reasonable care on the part of some of its authorities; that the old rule had been held to be, that "Two things must concur to support this action: an obstruction in the road by the fault of the defendant,

Johnson *v.* Haverhill.

and no want of ordinary care to avoid it on the part of the plaintiff;" that in some cases, by more recent legislation, towns may be liable for the fault or neglect of third parties; that it is not necessary for the plaintiff to allege or prove that the town or its authorities had actual notice of the obstruction before the accident; that if they could, by reasonable care and diligence, have known of it, they are presumed to know of it; that in determining whether the town was guilty of any fault or neglect in suffering the obstruction to be there, it was proper for the jury to consider how long it had remained there before the accident; that if the case was one of inevitable accident, resulting from no neglect or fault of any person or party, then it is like other cases of misfortune, to which the party suffering must submit without remedy.

The court, with the foregoing instructions, submitted to the jury three questions in writing, with directions to answer them severally, and also to return a general verdict for the plaintiff or defendant, which questions, with the answers as returned by the jury, are:

1. Was there any obstruction in the highway at the time of the accident? Yes.

2. If there was, was it there by any neglect or default of the town, or of the person by whose means it came there? No.

3. Was the plaintiff's injury occasioned by any want of proper care on his part? No.

It was understood by the court during the charge, that the counsel for both parties had assented that these questions should be thus submitted to the jury; but the counsel disagreeing as to the form of the questions when reduced to writing by the court, at the close of the charge it was distinctly stated by the court that the questions should be considered as sent to the jury under protest of both the parties.

The jury returned, with their answers to the said questions, a general verdict for the defendant; whereupon the plaintiff moved to set aside the verdict, and for a new trial, and excepted to the rulings and instructions of the court aforesaid.

*Hibbard,* (with whom was *Bingham,*) for the plaintiff.

The question whether the stick was an obstruction, under the circumstances assumed in the plaintiff's request to the court, was one proper for the court to decide, and which the court ought to have decided as a matter of law. *Howard* v. *North Bridgewater,* 16 Mass. 189; *Brooks* v. *Hart,* 14 N. H. 307; *Drury* v. *Worcester,* 21 Pick. 44; *Springer* v. *Bowdoinham,* 7 Greenl. 442.

That the stick was an obstruction appears from the description of it, and from *Commonwealth* v. *King,* 13 Met. 115; *Church* v. *Cherryfield,* 33 Maine; *Howard* v. *North Bridgewater,* 16 Mass. 189; *Biglow* v. *Weston,* 3 Pick. 367.

The court erred in charging the jury that it was material to inquire whether there was any fault on the part of the person by whose means the obstruction came in the road; whether there was any fault on the part of the town authorities; whether there was any fault on the part of any other person.

The court erred also in what they said respecting being the result of inevitable accident, &c. *Palmer* v. *Andover,* 2 Cush. 600; *Biglow* v. *Weston,* 3 Pick. 367; *Morrill* v. *Deering,* 3 N. H. 53; *Springer* v. *Bowdoinham,* 7 Greenl. 442; *Hunt* v. *Pownal,* 9 Vt. 418.

The court erred in declining to charge that in determining whether the stick was an obstruction, or whether the town was liable, it was immaterial how long the stick had been in the road; the plaintiff claiming nothing as exemplary damage; and in declining to charge " that if there was an obstruction in the road which caused the accident without the plaintiff's fault, the town was liable."

The court also erred in charging the jury that it was material to inquire whether the town had been guilty of any fault or neglect beyond the fault or neglect which was to be inferred from the existence of the obstruction in the road; and in charging that it was material to inquire how long the obstruction had remained in the road before the accident; and in charging substantially that it was essential to the liability of the town that the town

should have had actual or constructive notice of the obstruction. *Morrill* v. *Deering*, 3 N. H. 53; *Brooks* v. *Hart*, 14 N. H. 310; *Randall* v. *Cheshire Turnpike*, 6 N. H. 147; *Yale* v. *Hampden & Berkshire Turnpike*, 18 Pick. 357; *Biglow* v. *Weston*, 3 Pick. 367; *Williams* v. *H. & Q. Bridge & Turnpike Cor.*, 4 Pick. 41; *Snow* v. *Inhabitants of Adams*, 1 Cush. 443; *Cogswell* v. *Lexington*, 4 Cush. 307; *Springer* v. *Bowdoinham*, 7 Greenl. 442; *Butterfield* v. *Forrester*, 11 East 60.

Continuance of the defect and notice to the town, as affecting the question of neglect, are material only when exemplary damage is sought to be recovered. *Whipple* v. *Walpole*, 10 N. H. 130.

The case shows that under the direction of the court the jury specially found that there was an obstruction in the highway, and that the plaintiff was injured thereby without any want of proper care on his part. These facts being found, the plaintiff was entitled to a verdict, and the jury should have been so instructed. But it appears they were instructed to the contrary, and were told that the plaintiff must prove more than these facts in order to recover.

It appears that under the charge the jury found the obstruction to be such an one as prevented the highway from being reasonably safe and convenient for the amount and kind of travel.

*Carpenter*, (with whom was *Morrison*,) for the defendants.

1. When the defect or obstruction arises from causes over which the town has no control, there must be proof of negligence in not repairing or removing. 15 Maine 406, 7; *State* v. *Fryburg*, 2 Fairf. 271; *Frost* v. *Portland*.

2. The obstruction existed, because the road was *used*, and in consequence of a reasonable use, which the town had no power to prevent, and under such circumstances the town is not liable without proof of negligence in not *removing*.

3. Under the facts which have been found by the jury, the stick was no obstruction for which the town is liable. *Carleton*

v. *Bath*, 2 Foster 565 ; *Howard* v. *North Bridgewater*, 16 Mass. 189 ; *Raymond* v. *City of Lowell*, 6 Cush. 524.

SAWYER, J. The obligation imposed upon towns to keep their highways in repair, and the accompanying liability to answer in damages for any injury resulting from defects or obstructions in them, are matters of deep interest, both to the tax-payer and to the traveller. It is undoubtedly a wise provision of the law which subjects those upon whom are imposed the obligation and burden of keeping the public highways in proper repair, to the liability to make good all losses resulting from a neglect of the duty as the most effectual, probably the only effectual, guaranty for its faithful performance. But it is to be borne in mind that the duty is a burdensome one, imposed upon persons of all classes and in all situations ; a large proportion of whom have no agency in the execution of the duty ; no power, by the exercise of vigilance and fidelity on their part, to discharge their share of the burden, and thus relieve themselves from liability ; and, consequently, the law which subjects them to the responsibility should be construed and applied in a reasonable way. It ought not to be strained in order to subject those who are without fault to liabilities which are not clearly imposed upon them by the law. If towns are to be made insurers against losses happening by reason of defects in their highways, care should be taken that the principles to be applied to the question, what are the defects for which towns are to be held thus liable, should not be so widely extended as to embrace any class of cases against which human prudence and human power are unavailing ; that their liability should not be extended, from an indemnity for injuries resulting from their neglect of duty, actual or implied, to a penalty to be paid by them to an individual who has happened to meet with a misfortune on their highways without their fault. The liability of towns in these cases, in other jurisdictions, where it is recognized by the law, is made to rest upon the ground that the town has been guilty of negligence or a failure to perform a duty. *Wood* v. *Waterville*, 4 Mass. 422 ; *Moore & ux.* v. *Abbott*, 32 Me. 46 ; *Rice*

v. *Montpelier*, 19 Vt. 170. But in this State, by the terms of the statute giving the remedy to the traveller, no fault or negligence is made necessary in order to charge the town, except such as is to be inferred from the existence of the defect in the highway. The statute merely declares that in case any special damage shall happen to any person, his team or carriage, by reason of the obstruction, insufficiency or want of repair of any highway or bridge in any town, the person injured shall recover his damages in an action against the town. Rev. Stat., ch. 57, sec. 1. The construction given to the statute has ever been that the town is at all events chargeable for any damage resulting from a defect such as is specified in the act, if the party injured was conducting with ordinary care and prudence at the time of the injury.

The result of this construction, however, has been to give rise to a new class of questions under our statute, less likely to arise in other jurisdictions where negligence is understood to be a necessary ingredient in the case, in order to fasten the liability upon the town. These questions relate to the nature and extent of the alleged defect, in connection with the locality, the amount and kind of travel upon the highway, and the circumstances of its origin and continuance; and they assume the general form: — Is the alleged defect, under the circumstances of the place where it exists, the travel upon the highway there, the manner in which it originated, and the length of time and circumstances under which it has continued, such an obstruction, insufficiency or want of repair as is intended by the statute? In these questions are involved to some extent the same considerations as are usually embraced elsewhere in the like cases, in the discussion of the question whether the town has been guilty of negligence.

No highway perhaps can be pronounced intrinsically perfect; so free from obstructions, insufficiences and want of repairs, that human art and skill cannot improve it; yet the rudest cart-path may be, relatively, a perfect highway. Between the highly wrought thoroughfare of the city and the roughest road in the sparsely peopled portions of the country, there are numerous gradations in reference to the intrinsic character of the highways,

and each may, nevertheless, be considered, for the locality where it exists and under the circumstances of the case, to be a highway free from any of the obstructions, insufficiences or want of repairs intended by the statute. The question whether the highway, at the time and place of the accident, was obstructed, insufficient or out of repair, is one of fact for the jury, under the instructions of the court as to what is meant by those terms as used in the statute. This question of fact, whether the alleged defect constituted such an obstruction, insufficiency or want of repairs, ordinarily depends upon a variety of considerations, tending to furnish an answer to the inquiry, Was the highway at that time and place in a reasonably safe and suitable condition for the customary travel passing upon it, under all the circumstances attending that particular case ? Among the most prominent of these considerations may be mentioned the character of the route, as depending upon the nature of the ground ; whether mountainous and rough, or level and easily wrought; and other like peculiarities in the locality, the purposes and uses of the highway, the amount and kind of travel upon it, and the ability and means of the town to improve it, and at the same time maintain the other highways with which they are burdened, in suitable condition. It is upon a consideration of these and similar matters bearing upon the question, whether the highway, under all the circumstances, was or not in a reasonably safe and convenient condition for the customary travel, that the jury are to decide whether it was or not defective. It is obvious, therefore, that while a specific obstruction or insufficiency in one highway, or under the particular circumstances attending one case, may be clearly and manifestly a defect, within the meaning of the statute, the same thing in another highway, or under a different state of facts and circumstances, may constitute no obstruction or insufficiency. For an injury resulting from such defect the traveller must be without remedy. It is his misfortune, and has not resulted from any neglect of the town. It is clear that it could not have been the intention of the legislature to impose upon towns the duty of making their highways perfect, and to subject them to liability at

all events for damages happening from every obstruction or insufficiency, however slight; or, if of magnitude, whatever may be the circumstances under which it existed. A reasonable construction of the statute, therefore, requires that it should be held that nothing is an obstruction, insufficiency, or want of repairs, which the town were not at the time of the accident bound to have remedied, under all the circumstances existing in that particular case, going in any way to qualify or give a character to the alleged defect.

This test of the liability of the town in such cases is the same as that indicated, as the extent of their public duty in the act relating to the indictment of towns for neglect to repair their highways. Rev. Stat., ch. 53, sec. 1. In a suit by the traveller for his damages, it is true he is not required to prove actual negligence, as one of the points to be made out in that form to support his case. The question whether the town has been guilty of negligence, is not involved in the case in that precise form; but it is involved in another form, namely: in the inquiry into the existence of the defect as one within the meaning of the statute giving to the traveller his action. The very existence of the obstruction, insufficiency, or want of repair, contemplated by the statute, implies negligence, and the former being proved the latter follows as the ground upon which the liability rests. When, therefore, the question is presented to the jury, Was the highway defective ? with the proper instructions that nothing is to be considered as amounting to a defect, unless, under the particular circumstances of the case, and upon all the various considerations before suggested, applicable to it, it ought to have been remedied by the town, the question whether the town have been guilty of negligence is in effect submitted to them in the other form: Was it a defect which the town ought to have remedied ? It is negligence in the town if the defect is such, that, having reference to its character and extent, and the peculiar circumstances of the highway, in connection with the nature of the route and the kind and amount of travel, and all other circumstances connected with its origin and existence, it ought to have been remedied. And

it is equally negligence whether the town authorities had notice
of its existence, and opportunity to remedy it, or by the exercise
of due vigilance and care might have known of it and remedied
it.   But if the defect happened from causes which human fore-
sight could not have anticipated, and against which human power
could not guard, it would be unreasonably severe upon towns to
hold that upon the instant of its happening it became an obstruc-
tion, insufficiency, or want of repairs, within the meaning of the
statute, without notice to the town, without the opportunity to
obtain knowledge of it by the exercise of proper care and vigi-
lance, and without reasonable opportunity to apply the remedy.

The case of *Hubbard* v. *The City of Concord*, ante 52, was
decided upon this view of the statute; and although in that case
the decision was necessarily made by a minority of the court, the
general views there presented meet the concurrence of the court
in this.   We think the statute is to be construed in accordance
with the views expressed in that case, and that it was not intend-
ed by the legislature that the town is to be held liable for not
doing what is physically impossible to be done, or impracticable,
with the means at their command, or under other circumstances
in the case, nor without reasonable opportunity, under the circum-
stances, to do what is possible and practicable, and is required of
them.   In such cases the ingredient of negligence, actual or im-
plied, is wanting.   The town ought not to have remedied what
they could not remedy — it happening without fault on their part,
or the part of any person.   An obstruction thus originating —
without the fault of any person — like the limb of a tree broken
off and thrown upon the highway by force of the wind — is no
obstruction within the meaning of the statute, upon the instant of
its happening. . It becomes such when it has been suffered to
remain upon the highway after it ought reasonably, under all the
circumstances of the case, to have been removed.   Until then it
has not one of the qualities necessary to render it an obstruction
intended by the statute, negligence on the part of the town, or of
some person answerable over to the town.

Upon these views, the instructions requested by the plaintiff

Johnson *v.* Haverhill.

were properly refused.    The request was made upon the ground that it is a question of law, whether the existence in the highway of a certain obstacle or impediment to the travel, of specific dimensions, or of a given character as to the extent to which it may present an obstruction to the travel, is or not an obstruction, insufficiency, or want of repair, within the meaning of the statute ; and that, as matter of law, a stick of wood, four feet long and two inches or thereabouts in diameter, which had been lying upon the highway one hour or more, constitutes such obstruction so as to make the town liable for an injury happening to the traveller from it.    Whether it was or not such obstruction is a question of fact for the jury, and to be determined by them upon a view of all the circumstances, including the dimensions of the stick, the extent of obstruction or impediment it would offer to the travel, the kind and amount of travel upon the highway, and also including the manner in which it came upon the highway ; whether with or without fault on the part of any person, and the length of time and circumstances under which it had been upon it ; with a view to the inquiry by the jury whether, if in other respects it amounted to an obstruction, and came upon the highway without fault on the part of any person, it had been upon it so long, and under such circumstances, that the town ought to have removed it before the accident, and had opportunity to do so in the exercise of proper vigilance and care on their part.

The instructions given to the jury were, in substance, that the question whether the stick was an obstruction within the meaning of the statute, depended upon the facts and circumstances of the case ; such as the amount and kind of travel ; the test to be applied being, whether the highway, with the stick upon it, was reasonably safe for that travel ; and, further, if it should be found by the jury to amount to an obstruction in that view, still, if it was upon the highway by inevitable accident, without fault or neglect on the part of any person, and the time it had been upon the highway was so short that the town could not by reasonable care and diligence have known of it, and there was no neglect to be imputed to them in this respect, then the town was not liable.

These instructions were sufficiently favorable to the plaintiff, and were such substantially as were called for by the facts in the case. They distinctly present to the jury the true points involved in the case, and submit for their determination the two branches of the inquiry necessary to be answered in deciding whether the stick constituted such an obstruction as is meant by the statute, namely: 1. Whether, considering its dimensions and the extent of the impediment, which from its character it might offer to the travel, in connection with the kind and amount of travel, it was in that view such obstruction, and ought for that cause to have been removed; and, 2, whether, considering the manner in which it came upon the highway in reference to the fault of any party, and the circumstances under which it had remained upon the highway, in reference to the opportunity of the authorities of the town to know of it and remove it by the exercise of proper care and vigilance on their part, it was upon the highway at the time of the accident, under circumstances such as to impute negligence or fault to any person, so as to make it an obstruction within the meaning of the statute, in that view.

Before it could be pronounced to be such obstruction for which the town was liable, the finding of the jury upon both branches must have been against the town, and they were instructed that they must so find in order to render a general verdict against the town. By the answers returned to the specific questions submitted by the court to the jury, it is seen they found upon the first branch for the plaintiff and upon the second for the defendants; and the verdict returned is in accordance with their finding upon the latter branch. Without the aid of the specific answers it would be seen by the general verdict that the jury must have found under the instructions either: 1. That the stick was not upon the highway at the time of the accident through the neglect or fault of the town or of any person; or, 2, that it was not in its character an obstacle or impediment to the travel, such as to render it an obstruction within the meaning of the statute; or, 3, that the injury resulted from the want of proper care on the part of the plaintiff. Upon each point the instructions, so far ·

as they are stated in the case, were sufficiently favorable for the plaintiff. It is consequently immaterial upon which point the jury came to their result.

It can have occasioned no prejudice to the plaintiff that the judge who tried the cause directed the attention of the jury to the question whether the stick came originally upon the highway, or had continued upon it under such circumstances as to impute negligence to the town, or to any person, as an independent matter, disconnected from the inquiry whether it was an obstruction. The form in which the instructions are given is immaterial. The true grounds upon which the jury were to find their verdict are distinctly presented.; and whatever may be the connection in which they were presented, there is no reason to doubt that the principles which they were instructed to apply to the several points in the case were well understood and properly applied.

The subdivision by the judge of the whole matter upon which the jury were to pass, into the several distinct propositions of which it is composed, often contributes to a more clear apprehension of the points in the case. That these separate propositions were presented in the form of questions which they were to answer, is entirely unobjectionable. When they are directed in a trial upon the general issue, without consent of parties, to return answers to specific questions proposed to them in place of a general verdict, the proceeding cannot be sustained. *Walker* v. *Sawyer*, 13 N. H. 191; *Willard* v. *Stevens*, 4 Foster 271; *Allen & als.* v. *Aldrich*, 9 Foster 63. In this case the court directed the jury to return a general verdict, and with it answers to the questions proposed. In effect, it was merely directing the jury to specify, by the answers returned with the verdict, upon what grounds they might find their general verdict. That they were so directed, cannot, so far as we can perceive, have occasioned any embarrassment to the jury, or in any way tended to affect the result upon the general verdict. It was an immaterial proceeding; and although it is difficult to perceive how it could subserve any useful purpose, it certainly cannot be seen how it occasioned any prejudice to the plaintiff.

*Judgment on the verdict.*