## BELKNAP & a. v. WENDELL.

It is not a sufficient ground for granting a new trial, that the judge, after stating to the jury the law applicable to the case, with proper exceptions and qualifications, has, afterwards, in commenting upon the evidence, repeated the general rule without again repeating those qualifications.

The facts of this case sufficiently appear from the opinion of the court delivered by

BELL, J. On motion of the plaintiffs, leave was given to apply to the judge who tried the cause, for an amendment of the case. An amendment has been since made, by which it appears that the instructions given to the jury, reported in 11 Foster (31 N. H.) 93, were correctly stated in the original case. But it now appears that a part of those instructions, supposed by the plaintiffs' counsel to bear against him, were afterwards repeated, without again repeating the qualifying directions by which they were at first accompanied.

Now we take it to be clear, that if suitable and legal instructions are given to the jury, it is no cause for a new trial that the judge, in referring to or repeating those instructions, as applying to some portion of the evidence upon which he is commenting, does not again repeat those qualifications. It must be

understood that the jury have sufficient intelligence, after a legal principle has been correctly stated, with its proper qualifications, to understand, when the judge has occasion again to refer to the principle, that he must mean to speak of it as subject to the same qualifications he had before stated. It cannot be supposed that any jury could so far mistake a judge as to suppose that after he had once laid down a rule of law, with qualifications and exceptions, he could intend immediately after to state the same rule without any qualification.

It is a settled principle, that courts will not set aside verdicts, because the jurors, or some of them, assert that they misunderstood the charge of the court. The affidavit of the foreman of the jury, which accompanies the amendment, amounts to no more than this, that he misunderstood what the court said.

*W. H. Y. Hackett*, for the plaintiffs.

*A. R. Hatch*, for the defendant.