Mar. 22, 1876.    SALTMARSH *v.* BOW.

*Injuries from defective highways.*

If a town suffers the travelled part of a highway to become widened, so as to hold out to the traveller that the whole width is equally suitable for the public travel, it is answerable for damages growing out of defects in the part so widened.

When a judge states to the jury the law applicable to the case, with proper qualifications, and afterwards repeats the general rule without repeating the qualifications, the verdict will not for that cause be set aside. *Belknap* v. *Wendell*, 36 N. H. 250, affirmed.

FROM MERRIMACK CIRCUIT COURT.

CASE, to recover damages for an injury claimed to have been caused by a defect in a highway in said town.

The existence of the highway was admitted. It runs north and south —through Bow to Hooksett. The defect or obstruction complained of was a stone upon the east side of said highway, and near to the shoulder of the road, but in the gutter on that side of the road. This stone was described by the different witnesses as sloping towards or into the highway, and as running back to the east some two feet or more, and rising towards the east, so that at the highest point it was, at the time of the accident, as described by the defendants' witnesses, from six to ten inches above the ground around it, and, as described by the plaintiff's witnesses, from twelve to eighteen inches above. The defendants claimed, and their evidence tended to show, that they had prepared a road-bed west of the westerly point of this stone, from eighteen to twenty feet wide, which was well wrought for its whole width, so that teams of all kinds could, if driven with proper care, pass and repass over any part of it with ease and safety ; but the whole evidence tended to show that almost the entire travel went upon the east side of the road-bed, so that the east wheel-rut passed near to the point of this stone, and that there were marks of wheels upon it as it sloped down

towards the road. The defendants' counsel, in his argument, claimed that if the jury should find there was a road-bed, well wrought and free from all obstructions and defects, west of this stone, of the width of at least eighteen feet, and in good repair, and that if the plaintiff and the public had chosen to use it it would have been amply sufficient in all respects for the travel passing thereon, this would be all that was required of the town ; and that, if the plaintiff or the public, or both, chose to pass on the east side of the road-bed and partly in the gutter, and then voluntarily run so near this stone as to be liable to pass over it and receive injury, under these circumstances the town would not be liable. There was no other request for instructions than this : The defendants' counsel, in the course of the argument, and while addressing the jury, turned to the court and said he should ask for instructions as above claimed by him ; but the court did not give them, and the defendants excepted.

The court, among other things, did instruct the jury as follows : If the stone, which was said to be the cause of this accident, was in the gutter, or was beyond the limits of the gutter, and yet was within the limits of the path travelled by the public, and that path was so clearly defined, so plainly marked, that persons passing there, exercising ordinary care and prudence, would understand that that was the travelled path of the highway, they would have the right to pass in it ; and if there was any defect, any obstruction, any insufficiency, then the town would be liable,—because, as I have already suggested to you, it was in the power of the town to prevent the public travelling there ; and if they suffer the public to travel outside the limits of the highway where it is wrought, but within the limits of the laid-out highway, when they can prevent it,—if they allow the public to travel there and do not prevent it,—it does not lie in their mouths to come in and say that they are not liable for any damages that may arise there. " That, gentlemen, you may take to be the law in this case."

To these instructions the defendants excepted. The jury returned a verdict for the plaintiff, which the defendants moved to set aside.

The charge of the court was taken down by a short-hand reporter, and has been written out in full, and is on file, and may be referred to by either party in the argument.

The questions of law arising on the foregoing case were transferred to this court by STANLEY, J.

*Sargent & Chase,* for the defendants.

*Tappan & Albin,* for the plaintiff.

SMITH, J. The instructions to the jury were, in substance, that if the path travelled by the public, within the limits of the highway, was so clearly defined and so plainly marked that persons passing there, and exercising ordinary care and prudence, would understand that it was the travelled path of the highway, they would have the right to

pass in it; and if there was any defect, obstruction, or insufficiency, the town would be liable for injuries occasioned thereby. These instructions were correct. When a town widens the travelled path so as to hold out to the traveller that all parts are equally suitable for public travel, they will be answerable for damages growing out of defects in any part of it. *Goodrich* v. *Colchester*, 18 L. R. 468; *Cobb* v. *Standish*, 14 Me. 200.

The case is the same if they suffer the same thing to done by others. If they do not design to be held responsible, they are bound to place some monument, or otherwise indicate the limit of the way for public travel. *Willey* v. *Portsmouth*, 35 N. H. 313; *Elliott* v. *Concord*, 27 N. H. 204.

As to the second exception. The judge who tried the cause gave the jury proper instructions, that the town would not be liable if the damage was caused proximately or wholly by the fault or negligence of the plaintiff. This is distinctly admitted. In a subsequent stage of his instructions, he explained under what circumstances the town would be liable, without repeating the qualifying directions of contributory negligence on the part of the plaintiff. "It must be understood that the jury have sufficient intelligence, after a legal principle has been correctly stated with its proper qualifications, to understand, when the judge has occasion again to refer to the principle, that he must mean to speak of it as subject to the same qualifications he had before stated. It cannot be supposed that any jury could so far mistake a judge as to suppose that, after he had once laid down a rule of law with qualifications and exceptions, he could intend immediately after to state the same rule without any qualification." BELL, J., in *Belknap* v. *Wendell*, 36 N. H. 250.

But the instructions were limited to "persons passing there, exercising ordinary care and prudence," which would hardly apply to a traveller whose negligence helps occasion the injuries.

CUSHING, C. J. I am not aware that, by law or usage, towns are required or accustomed to indicate, by any monuments, that portion of the highway which is designed for travel.

Within the laid-out limits of the highway, towns make their path designed for travel where convenience requires. No mark or bound seems to be needed to indicate where this is, excepting the fact that it is travelled. If there is any portion of the laid-out highway which the public adopts for purposes of travel, and which for any reason it is not proper should be so used, it is quite within the power of the town, by proper precautions, to exclude the public from it. Whatever portion of the way a traveller, in the exercise of due care, understands to be designed for travel, must be so considered, and the town must be liable for defects in it. In addition to the cases cited by my brother SMITH, the case of *Coggswell* v. *Lexington*, 4 Cush. 307, may be cited as very much in point. There the line of the highway was not indicated by any visible monuments, but the actual travelled way lay on both sides

of a post, by means of which a traveller, in the exercise of due care, received an injury. It was held that the town was liable. That case is not so strong as the case at bar, because in that case it did not appear that the portion of the highway complained of was within the limits of the laid-out highway. *A fortiori*, would the town be liable when the portion complained of was actually within the limits of the highway ?

In regard to the other matter complained of, it is not to be doubted that, if the attention of the court had been called to it, the qualification would have been repeated. I do not think that under our Rule 54 such an objection can be available, unless specifically taken at the time, so that the judge may have an opportunity to remove it. Independently, however, of such considerations, it appears to me not extravagant to presume that a jury of ordinary intelligence would be able to keep in mind the whole of such a charge. I think, therefore, the exceptions ought to be overruled.

LADD, J. It was for the jury to say, under proper instructions, whether the road, at the point where the accident happened, was in a reasonably safe and suitable condition, considering the kind and amount of travel usually passing over it. *Johnson v. Haverhill*, 35 N. H. 74; *Chamberlain v. Enfield*, 43 N. H. 356, and cases cited. The instruction requested was, therefore, properly refused.

The instruction excepted to has reference to the question of due care by the plaintiff as well as the condition of the road. The defendants had claimed in argument, as matter of law, that if there was a road-bed, well wrought, and free from all obstructions and defects, west of the stone, of the width of eighteen feet, sufficient for the passing thereon had the public and the plaintiff chosen to use it, this would be all that was required of the town, and the plaintiff could not recover. Now, the width and condition of the road west of the stone were matters very proper to be considered by the jury upon the question whether a man, in the exercise of average prudence, would have run upon the stone. But the legal proposition, that the town were not liable in any event if there was a sufficient roadway west of the stone, was properly denied by the court; and it was proper, and probably necessary, that the bearing of the circumstance that almost the entire travel went on the east side of the road-bed, and near the stone, should be explained to the jury. That circumstance had an important bearing on the question of the plaintiff's case. I do not see any legal fault in the instruction. It amounts to no more than a denial of the defendants' untenable claim, that, as matter of law, they could not be held because there was a sufficient road west of the stone, which the plaintiff might have used had he chosen, and so avoided the accident. It was for the jury and not the court to say whether, under all the circumstances shown, the stone constituted an obstruction or defect. It was also for the jury to say whether the plaintiff was guilty of want of ordinary care in running upon it. The jury were fully instructed as to

the law bearing upon both these points, and no objection was taken. The defendants might argue to the jury, as they doubtless did, that they were not liable, for both these reasons,—both because the road was sufficient, and because the plaintiff was careless in running on to the stone ; but, surely, it did not lie in their mouths to claim either point in their favor as matter of law.

*Exceptions overruled.*