## CLIFFORD *v.* TYMAN.

When two persons are travelling in the same direction upon a highway, with their respective carriages, neither is compelled to travel behind the other, and neither has the exclusive right to precede the other. "The law of the road" requiring travellers who meet to turn to the right does not apply in such a case. The rear traveller may pass to the front when he can do so in safety, by turning to the right or left, using ordinary care and prudence to do no damage to the other.

If a traveller under such circumstances is damaged by the attempt of the other to pass to the front, and through the fault of the other, he may recover therefor if his own fault did not contribute to the injury.

TRESPASS, for injuries to the plaintiff's horse and wagon. Facts found by a referee.

The defendant was riding on a highway, in Bristol, in a wagon drawn by a gentle horse of ordinary speed, which she was driving slowly. The plaintiff's wife, riding in a wagon drawn by a faster horse, drove up behind her. They travelled in this way until they came to a place in the highway where there were two tracks for carriages. The defendant took the left hand track. The plaintiff's wife was desirous of getting ahead of the defendant, and, without requesting the privilege of passing, she undertook to drive

by in the right hand track, but did not greatly increase the speed of her horse. The defendant, determined that the plaintiff's team should not go by her, and for the purpose of preventing it, suddenly struck her horse with a whip or switch or with the reins, just as the plaintiff's team had got nearly opposite to the defendant's. She did not do this in any unusual manner, and had no reason to expect it would frighten the plaintiff's horse or cause any injury. But it did frighten him, and he immediately started to run violently, and in running four or five rods came in ahead of the defendant's team. The plaintiff's wife attempted to stop her horse by pulling his head by the reins, first on one side and then on the other, and he immediately became unmanageable, reared up, and moved forward and backward for a very short time. .

While the plaintiff's horse was acting thus the defendant continued to urge her horse along. The plaintiff's wife observing this, decided to let the defendant pass, and attempted to rein her horse to the left side of the road for the purpose. The defendant attempted to go by on the right. The plaintiff's horse backed a little just as the defendant was driving by, in consequence of which the defendant's left forward wheel, which would otherwise have passed along without any collision, struck the plaintiff's right hand wheel inside (the direction of the plaintiff's wagon at that time being a little quartering to that of the defendant's), and the plaintiff's wagon was tipped over and injured, and his horse ran away and was injured. The defendant's horse was at the same time thrown down upon his right side. The defendant saw the unmanageable condition of the plaintiff's horse, before stated, and had reason to apprehend that a collision was liable to result if she did not stop, and it was imprudent for her to attempt to pass as she did at the moment of the collision; she nevertheless believed, and had reason to believe, she should be able to pass without a collision.

At the point of the collision, which was about thirty rods from where the defendant struck the blow which frightened the plaintiff's horse, there was sufficient width of road for the defendant's team to have passed to the right of the plaintiff's in safety. The defendant's wheel, when it struck the plaintiff's, was a little at the left of the centre of the travelled track. The defendant had no purpose of hitting the plaintiff's wagon, or of causing any injury. Her purpose was to get again ahead of the plaintiff's team. The collision would not have occurred had not the plaintiff's horse become unmanageable, nor would it have occurred had not the defendant attempted to pass after she had notice that there was danger of a collision.

The plaintiff's wife had been accustomed to drive the horse, and had had no trouble before, and it was not imprudent for the plaintiff to permit her to drive at this time. But a strong and thoroughly experienced driver would have been able to restrain the

plaintiff's horse and avoid the accident. He was not a skittish horse before or after the accident, but became suddenly frightened, as before stated.

The defendant at the time of the collision was not in the exercise of due care, because it was imprudent for her to attempt to pass after she saw the unmanageable condition of the plaintiff's horse. The plaintiff's horse, being in the condition the defendant saw he was in, was liable to go in any direction, and it was therefore careless for the defendant to drive so as to be within his reach if he should back in the way he did, but the defendant did not expect he would back into her path, and therefore believed she should be able to pass in safety, and acted in perfect good faith in attempting it.

Want of due care on the part of the plaintiff's driver did not contribute to the collision, unless the facts before reported as to the condition of the plaintiff's horse and the capacity of the driver make the plaintiff chargeable as matter of law with want of due care.

The court ordered judgment on the report for the plaintiff, and the defendant excepted.

*Pike & Parsons*, for the defendant.

*L. W. Fling*, for the plaintiff.

SMITH, J. The statute requiring a traveller with a vehicle, who meets another person so travelling on a highway, to turn seasonably to the right of the centre of the travelled part of the road (G. L., *c.* 75, *s.* 11,) does not require either of two travellers going in the same direction to turn to the right of the other. They must pass each other in such manner as may be most convenient under the particular circumstances. Sherman & Redf. on Negligence, *s.* 311. It is the right of every person to travel on any part of the highway that may suit his convenience, not occupied by another, provided no one meets him with a vehicle having occasion or a desire to pass him. *Brooks* v. *Hart*, 14 N. H. 307, 310; *Gale* v. *Lisbon*, 52 N. H. 174; *Lovejoy* v. *Dolan*, 10 Cush. 495; *Smith* v. *Gardner*, 11 Gray 418. When two persons are travelling in a highway in the same direction there is no rule of law that compels one to travel behind the other, or gives one the exclusive right to precede the other. The rear traveller may pass to the front whenever he may do so in safety, with the exercise of ordinary care.

The plaintiff, to recover, must show, 1, that his damages were occasioned by the fault of the defendant, and, 2, that the want of ordinary care and prudence on the part of his driver did not contribute to the injuries to his horse and wagon. We understand the referee's finding to be that the defendant was not in the exercise of due care, that is, of ordinary care, at the time of the col-

lision.    The defendant did not expect the plaintiff's horse would back into her path, and therefore believed she would be able to pass in safety, and acted in good faith in attempting it.    But it is found she did not exercise due care in driving so near the plaintiff's horse that she saw was unmanageable.    A traveller is bound to exercise only ordinary care and diligence in providing himself with a suitable horse.    *Tucker* v. *Henniker*, 41 N. H. 317.    It is not the rule that the traveller must be provided with horses, carriages, and harnesses absolutely sound and free from defect in every respect and at every point, nor to the exercise of extraordinary care and prudence in respect to his equipage.    A horse, though reasonably safe, may prove unmanageable in some cases where a horse perfectly trained would have avoided the accident. *Clark* v. *Barrington*, 41 N. H. 44, 51.    This rule in regard to diligence, applied in a suit by a traveller against a town for damages from a defective highway, is equally applicable in the present case. We understand the referee's finding to mean, that, under the circumstances reported, the plaintiff's horse was a suitable one, and reasonably safe for his wife to drive at the time of the accident. We cannot say as matter of law that there was want of due care in this respect.

The plaintiff was not bound to furnish "a strong and thoroughly experienced driver," but a driver of ordinary care and prudence. By the referee's finding, that it was not imprudent for the plaintiff to permit his wife to drive at the time of the accident, we understand he meant that she possessed ordinary skill and prudence. He does not find that she failed to exercise ordinary skill and prudence in the management of her horse at the time of the accident.

The plaintiff having prevailed upon both issues, is entitled to recover.

*Exceptions overruled.*

ALLEN, J., did not sit : the others concurred.