Merrimack,
Oct. 6, 1908.

### CHARRIER v. BOSTON & MAINE RAILROAD.

In an action for negligence against employers, certain evidence deemed suffi-
cient to warrant a finding that the injuries complained of resulted from the
defendants' failure to give due warning of a danger which was known to
them, but concerning which the plaintiff was justifiably ignorant and the
risk of which he did not assume.

A statement by counsel of a general proposition of law which he deems to be
applicable to the facts, but which does not introduce evidentiary matter
which has not been or cannot be proved, furnishes no cause for setting
aside a verdict.

Remarks of counsel in closing argument are not objectionable if, as state-
ments of fact, they are supported by the evidence, and as conclusions of
law are correct.

Where a charge to a jury embodies a correct statement of a rule of law and
reiterates a qualification applicable to the particular case, it is not sufficient
ground for a new trial that in giving an additional instruction the rule was
repeated, omitting the modifying clause.

CASE, for personal injuries. Trial by jury and verdict for the
plaintiff. Transferred from the October term, 1907, of the supe-
rior court by *Pike*, J.

The plaintiff was injured while at work as a car repairer in the
defendants' shops at Concord. At the time of the accident he
was sixty-two years old and had been employed by the defendants
for six years. For the last four years of this period he worked on
track No. 8, which enters the south end of the repair shop in the
center of a space ten feet and seven inches wide when the doors
at that entrance are open, and over which cars are pushed into the
shop to be repaired. At the time the plaintiff was injured he was
engaged, with others, in pushing a coke car over track No. 8 into
the shop. He had taken a position on the easterly side of the car,
about four feet from its southerly end, and, with hands under the
sill of the car and head down, was pushing with his left shoulder
against the third hinge upon the car door. It was necessary for
him to bend over in order to keep his shoulder against the iron.
The other men had their "heads down to push, to get down to it,
to get hold of it." While occupying this position and pushing
the car, the plaintiff was crushed between the moving car and the
easterly door. The door was two and a half inches thick, and
opened outwardly against a post. When open it was immovable
and nearly parallel with the track, the space being slightly wider
at the outer edge of the door.

The car which the plaintiff was pushing was nine feet and four or five inches wide. Coke cars upon which he had previously worked, and which were similar in appearance to the one in question, varied in width from eight feet and two inches to eight feet and eight inches; and in pushing them into the shop the plaintiff and his fellow-workmen had commonly passed between the sides of the cars and the door. The plaintiff was not aware that the car he was pushing was wider than ordinary coke cars he had worked on, and nobody informed him. He did not know the danger of attempting to pass between the side of the car and the door, and nobody warned him.

The car which the plaintiff was pushing had to be moved from forty to sixty feet before reaching the shop. When the plaintiff began to push he intended to go through the doorway at the side of the car, according to his usual custom. Near the track and about thirty feet from the door of the shop was a small wooden horse and an old car sill. The sill was about twenty inches from the nearest track and eight inches from the side of the car, one end of it resting upon the horse and the other on the ground at a point about eighteen inches from the door. A fellow-workman was pushing in front of the plaintiff and on the same side of the car. As the car neared the horse this man stepped aside, while the plaintiff passed over the horse and, with his legs astride the sill, continued to push the car toward the shop. Before the man in front left his position, the plaintiff could not see the door of the shop, so as to judge the distance between it and the car; and afterward his position was such, and his attention was so taken up with avoiding the timber and nails which laid beside the track, that he did not observe it. The plaintiff's clothing became fastened to the car so that he could not extricate himself; and as to the time when he learned of this fact, the evidence was conflicting. The defendants' motions for a nonsuit and the direction of a verdict in their favor were denied, and they excepted.

During the argument for the plaintiff counsel said: "My brother read a little law which did n't apply. I will read some that does, and the court will give you some more; and this law is law the state over, case after case, week in and week out, and court in and court out. It is the duty of the master—in this case the railroad—to furnish the servant a safe place in which to work, with safe appliances. The servant is not bound to inspect, or to see whether the master's duty in this particular has been performed or not, but he can assume that the master has furnished him a safe place in which to work, and proceed with the work upon the presumption that the master has done his duty; and that is the law of this state. Your Honor, that is *Thompson* v. *Bartlett*, 71 N. H."

Counsel for the defendants here interposed an exception to the reading, whereupon the plaintiff's counsel said: "I am reading from a part of my written minutes of this argument, and you can except or not." Later in his argument counsel for the plaintiff said: "Abbott [the assistant foreman] had a full knowledge of all the circumstances. He knew the width of the door there; he knew the width of the car. When they started it in he knew or ought to have known; it was his duty to tell the men, 'Boys, look out; this is a wide car; don't get pinched on the side.'" To these remarks the defendants excepted.

The defendants also excepted to a portion of the charge quoted in the opinion and to the following instruction: "If the defendants' assistant foreman, Abbott, knew, or by ordinary care could have known, of the danger to Charrier of being caught between the car and side of the doorway, the law holds the defendants to have had the same knowledge."

*Martin & Howe*, for the plaintiff.

*Mitchell, Foster & Lake*, for the defendants.

BINGHAM, J. In considering the questions raised by the defendants' motions for a nonsuit and a verdict, the plaintiff is entitled to the most favorable construction of the evidence that can be given it. *Stevens* v. *Company*, 73 N. H. 159, 163. When so construed, it appears that the coke cars upon which the plaintiff had worked prior to his injury, the measurements of which were known to him, did not exceed eight feet eight inches in width, and that some of them were not wider than eight feet two inches; that the space between such cars and the shop door, in which a man would have to walk in pushing them into the shop over track No. 8, was anywhere from eleven and a half to seventeen and a half inches; that the plaintiff and other workmen had customarily pushed these cars into the shop over this track, and in doing so had safely passed between the car and the door; that the defendants also had other coke cars which were similar in appearance, but which were in fact about a foot wider than those upon which the plaintiff had worked; that he was not aware of these facts, and no one had informed him that the car upon which he was set to work at this time belonged to that class; that he had no opportunity to measure its width, and that during a part of the brief interval he was pushing the car his view of the shop door was obstructed by a workman, and the balance of the time his work required him to take such a position, and his attention was so preoccupied in endeavoring to avoid obstacles in his path

beside the track, that he did not learn of the danger to which he was subjected until he was caught between the car and the door. It also appears that the defendants knew, or ought to have known, that it was customary for the men, in pushing cars into the shop, to pass between the car and the door; and that they knew, or ought to have known, of the extra width of this car and the danger to be encountered in pushing it into the shop by one standing at its side, and failed to inform the plaintiff of it. Under these circumstances, reasonable men might properly conclude that the defendants were negligent in not informing the plaintiff of the danger; that he exercised the care of a reasonably prudent man in doing what he did; and that he did not know and appreciate the danger to which he was subjected and assume the risk of injury.

The defendants, however, contend that the plaintiff knew the space between the car and the door was insufficient to permit him to pass in safety, and that he learned of this fact and of the fact that his clothes had become attached to the car at the time he passed over the horse. But if it be conceded that there was evidence from which these facts could have been found, the jury as reasonable men were not bound to take this view of the case, and their verdict clearly demonstrates that they did not. It is also urged that the plaintiff could have avoided being injured after he reached the door had it not been for the fact that his clothes had become attached to the car; that his injury was due solely to this circumstance, the occurrence of which he assumed as a risk incident to his employment. Whether the plaintiff could have avoided being injured after he reached the shop door, had his clothing not become attached to the car, is clearly a question of fact. But if upon the evidence the jury should have found that the plaintiff could have avoided being injured had his clothes not become attached, and also should have found that he assumed the risk of injury from his clothes becoming attached to disabled coke cars of the standard width (eight feet and eight inches) while pushing them into the shop, it cannot be said, as matter of law, in view of the plaintiff's lack of information, that he assumed the risk of being injured upon a car of greater width (nine feet and five inches), which rendered his entrance into the shop in the customary way dangerous. The solution of the matter rather is, that the jury were justified in finding that the defendants ought to have anticipated that the plaintiff would take a position at the side of the car, that his clothes would become attached, and that he would be injured. It is apparent that if the defendants had warned him of the danger, he could have provided against it by taking a different position upon the car, or by taking some

other precaution, and that their failure to do so was properly found to be the legal cause of his injury. The fact that his clothing became attached to the car was, under the circumstances here presented, a mere condition upon which the cause acted to produce the plaintiff's injury. *Harriman* v. *Moore*, 74 N. H. 277, 281; *Brown* v. *Railroad*, 73 N. H. 568, 573, 578; *Ela* v. *Cable Co.*, 71 N. H. 1, 3, 4.

The passage read by the plaintiff's counsel from the minutes of his argument was a statement of a general proposition of law governing the relation of master and servant, and did not introduce into the case any evidentiary matter which could not be, or had not been, proved. Counsel may properly state his view of the law applicable to the facts as claimed by him to be proved, and that is all that was done in this instance. *Olney* v. *Railroad*, 73 N. H. 85. If this statement was erroneous as a proposition of law, it does not appear that the court either expressly or tacitly confirmed it; and where such is the case a verdict will not be disturbed. *Story* v. *Railroad*, 70 N. H. 364, 376; *Dow* v. *Electric Co.*, 68 N. H. 59.

The second exception to the argument of the plaintiff's counsel is also without merit. So far as the statement excepted to was one of fact, it was supported by the evidence; and so far as it was a matter of law, it was correct. Abbott was the representative of the railroad company who assigned the plaintiff to do this particular kind of work. He had long been in the employ of the railroad, knew the width of the car and the door, and knew or ought to have known that the plaintiff could not safely pass into the shop at the side of the car. His knowledge was the railroad company's knowledge, and as its representative in charge of the work it was his duty to warn the plaintiff of the danger, if a warning was necessary. *Jaques* v. *Company*, 66 N. H. 482; *Lintott* v. *Company*, 69 N. H. 628, 632; *Lapelle* v. *Company*, 71 N. H. 346. What is said about this exception applies to the one taken to the last request of the plaintiff, which the court gave in his charge to the jury. In both the action of the court was right.

Upon the question of assumed risk the jury were instructed at length in the most painstaking manner, the burden of the instruction being that the plaintiff upon entering the defendants' employment assumed the risk of injury from all dangers of which he knew, or which ordinary care would reveal to him; that if he knew or ought to have known of the danger of being caught between this car and the door, and appreciated the risk when he had the opportunity of free choice, he could not recover; but that if he did not know of it, and did not appreciate it until it was too late to get away from the danger, then he did not assume it. No

exception was taken to this charge, but one was taken to a special instruction which was given at the plaintiff's request, as follows: "I have told you he did not assume the risk if he did not know of it in season to avoid it. If, as soon as he did see the danger and appreciate it, he was in such a situation that he could not avoid it, why then of course he did not assume it and was not in fault." The first objection urged is that the first sentence in this instruction does not contain the qualification, " or if by the exercise of ordinary care he would not have discovered it." It is true that this qualification is essential to a complete statement of the legal proposition; but as it had been given over and over again in the general charge, we do not think the jury could have been misled by its omission from this sentence. *Saucier* v. *Spinning Mills*, 72 N. H. 292. The balance of the instruction is correct. *Olney* v. *Railroad*, 71 N. H. 427, 431; *English* v. *Amidon*, 72 N. H. 301, 302, 303.

*Exceptions overruled.*

PARSONS, C. J., and YOUNG, J., dissented: the others concurred.