EASTERN OIL & RENDERING CO. v. THOMPSON.

(Circuit Court of Appeals, First Circuit.　October 23, 1914.)

No. 1087.

APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—MISLEADING INSTRUCTIONS.
　　Plaintiff was employed in defendant's rendering plant to feed a suet
hopper, to do which he was required to stand on a stool resting on a
greasy and slanting floor.　While doing so, his hand came in contact with
the machine and was cut off.　He testified that while standing on the
stool another. employé shoveled the suet so that plaintiff was struck in
the chest, causing the stool to slip and plaintiff to fall, so that his hand
came in contact with the machine.　At the trial, defendant introduced in
evidence a statement, signed by plaintiff, in which he stated that he was
putting a piece of fat into the hasher, when the fat twisted in the worm
and caught his hand, and that it was a pure accident.　The court charged
that plaintiff was bound to exercise reasonable care for his own safety,
but there was no claim that he was careless so far as the particular ac-
cident was concerned, nor was the jury required to consider the question
of assumed risk, but, with reference to the statement, that, if the jury
should believe all that was in the paper, plaintiff could not recover, but
that if he was overreached, did not understand, or was mentally dull, or
his appreciation of his rights was impaired, and the statement was not
a fair representation of what occurred, then he might recover, notwith-
standing the statement.　Held, that the instruction was not objection-
able, as requiring the jury to believe all that was in the statement before
they could render a verdict for defendant, but merely required them to
believe the portion of it that had reference to how the accident occurred,
and the instruction was therefore not misleading, to defendant's preju-
dice.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219,
4221–4224;　Dec. Dig. § 1064.*]

In Error to the District Court of the United States for the District
of New Hampshire;　Edgar Aldrich, Judge.

Action by James L. Thompson against the Eastern Oil & Rendering
Company.　Judgment for plaintiff, and defendant brings error.　Af-
firmed.

Edward K. Woodworth, of Concord, N. H. (Streeter, Demond,
Woodworth & Sulloway, of Concord, N. H., on the brief), for plain-
tiff in error.

John L. Mitchell, of Portsmouth, N. H. (John H. Bartlett and Ernest
L. Guptill, both of Portsmouth, N. H., on the brief), for defendant in
error.

Before PUTNAM and BINGHAM, Circuit Judges, and BROWN,
District Judge.

BINGHAM, Circuit Judge.　This is an action of tort brought under
the employers' liability statute of New Hampshire (chapter 163 of the
Laws of 1911), for injuries received by the plaintiff on the 28th of
April, 1913, while in the defendant's employment.

The plaintiff alleged in his declaration, and offered evidence tend-
ing to prove, that he was engaged in operating a dangerous machine
used for cutting pieces of suet, the hopper of which was attached to

the end of a table from which he fed the suet into the machine; that in the operation of the machine he was required to stand upon a stool 10½ inches high, 2 feet and 9 inches long, and 1 foot and 7 inches wide, which rested upon a greasy and slanting floor, to which it was not affixed; that, while standing in this manner upon the stool in the performance of his duties, another employé, who worked near him shoveling suet upon the table, negligently or accidentally shoveled the suet in such a way that the plaintiff was struck in the chest, causing the stool to slip or tip, and the plaintiff to fall, so that his left hand came in contact with the machine and was cut off by the revolving worm at the bottom of the hopper. No one testified as to how the accident occurred, except the plaintiff, and no other account was given as to how it took place, except as will appear from a statement claimed to have been given by the plaintiff a day or two after the accident.

No question was raised but that the evidence was sufficient to warrant the submission of the case to the jury. The defendant's complaint is that the court, in his charge to the jury, withdrew from their consideration the question whether the plaintiff was guilty of contributory negligence, and thereby committed error.

The portions of the charge that were excepted to read as follows:

"There are certain reciprocal obligations under a contract of service, and among them is the obligation of a man who wants work to exercise reasonable care in respect to protecting himself. I do not know that there is much in this case to consider on that phase of the case for two reasons. The first is that there is, I think, no claim made here that the plaintiff was careless himself, so far as this particular accident was concerned that caused the injury."

And:

"I do not think that there is any occasion to trouble yourselves about the question of assumption of risk, or about the question of the plaintiff's negligence, because I do not understand it to be claimed that he assumed the risk, except as his knowledge bears upon the question of contributory negligence—that is, his own negligence. I do not think the defendant is claiming that he was negligent; therefore there is nothing about the assumption of risk or his negligence for you to consider."

The defendant introduced in evidence the statement signed by the plaintiff, and the portions disclosing how the accident occurred are as follows:

"At the time I got hurt I was putting a piece of fat into the hasher with my left hand, and the fat twisted as it caught in the worm, and caught my hand. I pulled my hand as soon as it got caught, and I had it out before the machine was stopped.   *   *   *   It was merely a pure accident."

The court, in charging the jury with reference to this piece of evidence, said:

"A paper has been presented here which the witness, Mr. Quinlan, says he secured from this man [the plaintiff] the third day after the injury. I do not know exactly what to say about it, but you have a right to consider it. *   *   *   You have a right to consider everything about it as bearing upon the question as to what you believe—as to which story you believe. Now, I think, if you should believe all that is in that paper, the plaintiff would not be entitled to recover here; but if you should believe that he was overreached, and that he did not understand, and that he was mentally dull, and that his appreciation of his rights was impaired, and that it was not a fair representation and does not fairly represent what occurred, and you believe

that what he states on the stand does fairly represent what occurred, you can see that that would be a different thing—that is, if you believe all that is in that paper, he would not be entitled to recover, because that cleans him out altogether on every branch of the case; but if you think that it does not fairly represent what he said, and you believe what he says here, then you will consider whether he is entitled to recover or not under the instructions which I have given you."

The defendant claims that the evidence contained in the statement above quoted tends to show that the plaintiff was guilty of contributory negligence, and for this reason takes the position that it was prejudiced by the charge wherein the court said that he thought no contention was made that the plaintiff was guilty of contributory negligence, and that it would not be necessary for them to consider that question.

It is apparent that the evidence as given by the plaintiff upon the witness stand and in the statement presents two distinct and divergent views as to how the accident occurred. The evidence given by him upon the witness stand, if believed, was of such a nature that the jury could find that the injury he sustained was due solely to the defendant's negligence in failing to provide a suitable place for him to work, and would not warrant a conclusion that he was guilty of contributory negligence. On the other hand, the evidence contained in the statement would not warrant a conclusion that his injury was due to the fault of the defendant, but that it was an accident or due to his own carelessness. It is also apparent that the court, in the portions of the charge here excepted to, was discussing the evidence as presented by the plaintiff upon the stand, and, had that been the only evidence of how the accident occurred, the court would have been fully justified in telling the jury they need not pass upon the question of contributory negligence.

When the court in his charge came to consider the evidence presented by the statement, which was the last thing he took up before finally submitting the case to the jury, he instructed them that if they believed all that was said in the statement as to how the accident occurred, and that what the plaintiff stated on the stand did not fairly represent how it occurred, then the plaintiff would not be entitled to recover, "because that cleans him out altogether on every branch of the case." It is true that in delivering this portion of the charge the trial judge did not state the grounds upon which his ruling was based —whether it was because the statement failed to show that the defendant was in fault, or whether it showed conclusively that the plaintiff's injury was due solely to his negligence, or was purely accidental. Whatever the reasons were which actuated him in giving this charge, it is evident that the jury were directed to give the evidence upon which the defendant relies as tending to show contributory negligence due consideration, and that the defendant's rights were in no way infringed, but were fully protected. If the jury believed the account of the accident as given in the statement, that was the end of the case; if they did not believe it to be a true statement of how the accident occurred, then the defendant was in no way prejudiced, because it could avail it nothing on the question of contributory negligence.

The defendant says that the charge required the jury to believe all that was in the statement before they could render a verdict for the defendant, and that, if they simply believed a portion of the statement, and that portion happened to be the part with reference to how the accident occurred, the jury would not be called upon to render a ver-dict for the defendant, and the defendant would be prejudiced, in that the jury would not then consider this portion of the evidence as bearing upon the question of the plaintiff's contributory negligence. But this is plainly an improper construction of this portion of the charge, for it manifestly did not call upon the jury to find that all that was contained in the statement was true before they could find a verdict for the defendant, but only that they should believe that all that was in the statement as to how the accident occurred was true, and, if they did, their verdict should be for the defendant.

We are therefore of the opinion that the jury were not misled to the defendant's prejudice by the portion of the charge excepted to, and that its exception should not be sustained. "A verdict is not set aside for erroneous instruction, when it is apparent, upon a reasonable construction of the whole charge, that the jury were not misled thereby." Saucier v. Spinning Mills, 72 N. H. 292, 56 Atl. 545; Theobald v. Shepard, 75 N. H. 52, 71 Atl. 26; Magniac v. Thompson, 7 Pet. 348, 390, 8 L. Ed. 709.

The judgment of the District Court is affirmed, and the defendant in error recovers his costs on appeal.

PUTNAM, Circuit Judge (concurring). The plaintiff's declaration was amended twice, once by formal amendment, and then by a paper entitled "Specification." The statute referred to in the opinion in its second section permitted the plaintiff to recover on account of the proof of an efficient negligence of a fellow servant sufficient to cause the injury. The case, as stated by the plaintiff's brief, was as follows:

"On this machine, as is shown by the photographs, was a hopper into which the suet was fed. At the bottom of the hopper was a revolving worm, which ground up the suet. The machine in question was at the left of the table onto which the suet was shoveled by the plaintiff's helper, and in the ordinary course of the work the plaintiff stood on the bench in front of the table, took up the chunks of suet as they were shoveled onto the table, and put them in the machine, which ground them to pieces. The plaintiff testified that he had been struck by his helper several different times before, that he was not watching the helper when he got hurt, that he was struck in the breast, but in spite of that fell forward, and not backward, and in such a manner that his left hand went into the hopper and down six inches onto the worm."

It is apparent that the real issue in the case was the truth of the plaintiff's statement which we have referred to. Although the position occupied by the plaintiff was dangerous in certain respects, and although he knew the danger and might be said to have assumed it, yet the efficient cause of the injury was the carelessness of the coservant in striking the plaintiff as he did, and there was in the case no real question of contributory negligence or assumption of risk.

At the close of the judge's charge there was a long discussion between the defendant's counsel and the court because the court, as the defendant said, had not instructed the jury properly on the question of

contributory negligence or the question of the assumption of risk; but there was no basis for instructions on either point, and, as the result of that discussion, no prejudice came to the defendant at the trial.

There was put into the case the statement by the plaintiff made a few days after the accident, and some question was made whether the statement should go in as an admission or as evidence, which was of no real consequence to the defendant, because the court instructed the jury that, if they believed the statement, it was the end of the plaintiff's case. It was not necessary to explain to the jury the reason therefor.

No objection was made at the time of the trial, or until the present argument, because in the long sentence covering the sum of the plaintiff's entire statement referred to the court instructed the jury that, if they believed "all" the statement, they should find a verdict against the plaintiff. Some criticism is now made on account of the use of the word "all," but none was made at the trial; and that, of course, was one of those minor criticisms which should have been specifically called to the attention of the court and objected to on the spot.

The basis of the discussion aforesaid, and of the grounds for asking a new trial at the present time, is the assertion of the defendant's position about contributory negligence or the assumption of risk; but the true issue was the negligence of a fellow servant, as we have said. The verdict was fully justified, unless the jury felt themselves bound by the statement made by the plaintiff, which we have referred to, and, of course, they were not thus bound.