Hillsborough, ⟩
Nov. 2, 1915. ⟨

Anson G. Osgood, *Adm'r,* *v.* William H. Maxwell.

Where an accessible witness of a transaction is not called, either party may properly argue that his opponent did not summon him because his testimony would have been unfavorable.

Where it is a reasonable inference from the evidence that an eye-witness of an accident could have testified fully regarding it, that conclusion may be stated in argument as matter of fact.

If instructions to a jury embody a plain and correct statement of a rule of law, with a modification applicable to the facts of the particular case, it is not sufficient ground for a new trial that in commenting upon the evidence the rule was repeated and the qualification omitted.

Where a boy is injured by collision with an automobile while illegally coasting upon a city street, the owner of the vehicle is not liable therefor if, after his discovery of the danger, he could not prevent the accident by the exercise of ordinary care.

Case, for negligence. Trial by jury and verdict for the defendant. Transferred from the January term, 1915, of the superior court by *Branch,* J., on exceptions to argument of the defendant's counsel and to instructions to the jury, the facts relating to the latter exception being stated in the opinion.

The plaintiff's intestate, Elphege Demers, a boy five years old, while sliding with his elder brother on a double-runner down Dean street in Manchester, and around the corner into Canal street,

collided with the defendant's automobile and was killed. Just before the collision the automobile was proceeding in a southerly direction down Canal street and was approaching Dean street on the westerly and right-hand side of Canal street.

It appeared in evidence that Joseph Dionne, a boy twelve or thirteen years old, was standing near the corner of Dean and Canal streets, in a position to see the collision; that he had been sliding with Donat Demers, brother of the deceased, before and on the day of the accident, and walked home with him after it happened; and that he was in the court-room with Donat on the first day of the trial, when the plaintiff's case was being introduced. It was Dionne who was referred to in argument by the defendant's counsel, as follows: "It appears in this evidence, according to Miss Fortin, that there was a boy who walked home with Donat after this accident happened. She was at the corner at the time of the accident—right there on the corner. She saw him afterward and found out who he was. That boy was Donat's playmate; that boy was here in this court-room yesterday with Donat; that boy is just as capable of telling you the facts of this case as any one. If anything could have been told you to help Donat, that boy would have been put on the stand by the plaintiff." To the foregoing remarks the plaintiff excepted.

*Osgood & Osgood (Clinton S. Osgood orally), for the plaintiff.*

*Taggart, Burroughs, Wyman & McLane (Mr. Wyman orally), for the defendant.*

PLUMMER, J. Arguments like the one to which exception was taken in this case are frequently made when a party fails to place upon the stand a seemingly available witness. The inference in such case is that the testimony of the witness would be unfavorable or of no value to the party failing to call him, and comments to that effect are legitimate and proper. *Mitchell* v. *Railroad,* 68 N. H. 96, 116; *Lambert* v. *Hamlin,* 73 N. H. 138.

The plaintiff especially objects to the following words: "That boy is just as capable of telling you the facts of this case as any one." The plaintiff says that there was no evidence to warrant this statement. It appears that the boy, who was in the court-room when the plaintiff's evidence was being introduced, stood near the corner of Dean and Canal streets. When the accident occurred he was in full

view of it, and was not merely a casual by-stander, but was a play-mate of the boys involved in the accident, and presumably being a boy of normal faculties, it is probable that he saw the accident and could have told about it. The form of the statement is not objectionable. Where an inference can properly be drawn, the conclusion may be stated as a matter of fact. *Lord* v. *Railway*, 74 N. H. 295, 298. If the statement objected to had not been warranted, it was not of such a character as to render the trial unfair to the extent that the verdict should be set aside. The plaintiff had the closing argument; and had he thought that this statement of the defendant was likely to influence the jury against him, he could have destroyed its effect by replying that the defendant apparently knew all about this boy that was in a position to see the accident, and if his testimony would have aided him he would undoubtedly have called him as a witness.

The court instructed the jury, in substance, that it was for them to find whether the plaintiff's intestate was sliding upon a street in the thickly settled portion of the city to the danger of travelers; if he was, his conduct was illegal; and if this illegal sliding caused the accident or partly caused it, the plaintiff could not recover. This instruction was repeated with this addition: That the plaintiff could not recover "unless after the danger of the collision became imminent and known to the driver of the car, he could have avoided the accident by the exercise of reasonable care." The court also stated to the jury twice in the course of his charge that if the plaintiff's intestate was sliding illegally, the plaintiff could not recover. At the close of the charge the plaintiff excepted "to instructions given to the effect that the plaintiff cannot recover if the boys were sliding illegally."

It is probable from the instructions given that the jury understood that in order to defeat the plaintiff's action, the sliding of his intestate, if illegal, must have caused or partly caused the accident. They were clearly so told when the law relating to the matter was first stated to them and again later in the charge. The fact that the court in referring to this matter again did not add the qualification, that the illegal sliding must have contributed to cause the accident to bar the plaintiff's recovery, does not indicate that the jury understood that they were to disregard the instructions he first gave them.

As was said in *Belknap* v. *Wendell*, 36 N. H. 250: "If suitable and legal instructions are given to the jury, it is no cause for a new trial

that the judge, in referring to or repeating those instructions, as applying to some portion of the evidence upon which he is commenting, does not again repeat those qualifications. It must be understood that the jury have sufficient intelligence, after a legal principle has been correctly stated, with its proper qualifications, to understand, when the judge has occasion again to refer to the principle, that he must mean to speak of it as subject to the same qualifications he had before stated. It cannot be supposed that any jury could so far mistake a judge as to suppose that after he had once laid down a rule of law, with qualifications and exceptions, he could intend immediately after to state the same rule without any qualification." *Saltmarsh* v. *Bow*, 56 N. H. 428; *State* v. *Newman*, 74 N. H. 10, 19. Considering the charge as a whole, we think the jury were not misled; therefore the verdict will not be set aside. *Lord* v. *Lord*, 58 N. H. 7, 11; *Saucier* v. *Spinning Mills*, 72 N. H. 292, 297; *Charrier* v. *Railroad*, 75 N. H. 59, 64.

Although the charge was adequate, assuming it was necessary to instruct the jury that the illegal sliding wholly or in part caused the accident, nevertheless, as the case is understood, we believe it would not have been error for the court to have instructed the jury that if the plaintiff's intestate was sliding illegally the plaintiff could not recover. The situation in the case was such that it was not necessary to add to the above, if the illegal sliding caused or partly caused the accident the plaintiff cannot recover. While this statement is correct as an abstract proposition, it has no application to this cause, and therefore it was not necessary to give it.

"A judge is not bound to instruct the jury upon an abstract proposition; and before he can be required to give particular instructions, there must be evidence, relevant and pertinent, on which to found them." *Woodman* v. *Northwood*, 67 N. H. 307, 309; *Goodrich* v. *Railroad*, 38 N. H. 390, 397; *Hersey* v. *Hutchins*, 70 N. H. 130. In the transferred case the following statement is made: "It appeared that he [meaning the brother of the plaintiff's intestate, who was steering the sled] was unable to control the double in attempting to make the turn at the time of the accident, and that when the double-runner was at a point from fifteen to twenty-five feet from the automobile, the double left the rut it was going in and went straight toward the auto, and that the defendant and his chauffeur were unable to prevent the accident after they realized the boys' position of danger." From this statement it is assumed that it conclusively appeared at the trial

that the defendant, after he discovered the dangerous position of the plaintiff's intestate, was unable by the exercise of reasonable care to avoid the accident. If the defendant after he knew of the dangerous situation could have prevented the accident by due care, then the defendant's negligent conduct would have been the sole proximate cause of the accident. *Cavanaugh* v. *Railroad,* 76 N. H. 68, 70. But as the defendant could not have prevented the accident after the danger became imminent, then the sliding of the plaintiff's intestate must have contributed to cause the accident, and if illegal, the plaintiff could not recover.

*Exceptions overruled.*

All concurred.