Hillsborough,
Sept. 21, 1934.

VITALE BOUVIER (*by his mother and next friend*)

*v.*

HOWARD L. ALLEN.

ALBINA LIZOTTE *v.* SAME.

120

*Robert E. Earley* and *Philip Stylianos*, for the plaintiff.

*Devine & Tobin*, for the defendant.

MARBLE, J. "If a person traveling on a highway with a vehicle is informed that another person traveling in like manner in the same direction desires to pass him, he shall turn to the right of the center

of the traveled part of the road, if there is sufficient room on that side to enable him to do so with safety, and shall not wilfully obstruct the passage of the rear team or vehicle upon the other side of the road." P. L., c. 90, s. 2.

This statute was enacted after the decision in *Clifford* v. *Tyman*, 61 N. H. 508, which held that the rear traveler might pass to the front by turning either to the right or left whenever he could do so in safety, with the exercise of ordinary care.

The presiding justice interpreted the statute correctly. The duty of the rear traveler to pass on the left of the traveler ahead, once the latter has turned to the right, is plainly implied from the language of the act. The suggestion that "the legislature saw fit to dictate the conduct of only the preceding vehicle" ignores this implication. The further suggestion that the charge "laid down a strict rule of conduct which must be followed under all conditions" and that the issue was thus "confined within too narrow limits" disregards the undisputed facts.

The court was not bound to inform the jury of any rule of law not applicable to the evidence. *Osgood* v. *Maxwell*, 78 N. H. 35, 38, and cases cited. Conceding that circumstances sometimes exist which justify the rear traveler in attempting to pass the forward vehicle on the right (1 Berry, Automobiles, 6th *ed.*, *p.* 245; *3-4* Huddy, Automobile Law, 9th *ed.*, *p.* 174), the evidence discloses no such situation here. At the time of the accident the plaintiff was on the right-hand side of the street and from four to six feet north of the center line. The defendant had ample room (at least a width of 25 feet unobstructed) to pass him on the left. No reason for passing on the right is suggested, and the defendant denies that he attempted to do so. The charge, which treated the violation of the statute merely as evidence of negligence, was more favorable to the defendant than the law as announced in *Johnson* v. *Railroad*, 83 N. H. 350, 353-357, permits.

*Exception overruled.*

WOODBURY, J., was absent: the others concurred.